# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 22, 2013

Lyle W. Cayce
Clerk

No. 13-40009
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VALENTIN TREJO-DOMINGUEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1321-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Valentin Trejo-Dominguez pleaded guilty to Count Two of a four-count indictment, a charge of importing into the United States 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(1)(H). He was sentenced within the guidelines range to 168 months of imprisonment. Represented by the Federal Public Defender, Trejo-Dominguez raises an argument that he correctly concedes is foreclosed by circuit precedent in order to preserve the issue for further review.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40009

Knowledge of drug type and quantity is not an element of an offense under 21 U.S.C. § 841, *see United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), nor is such knowledge an element of an offense under the related statutes of § 952(a) and § 960(a).  *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978); *see United States v. Valencia-Gonzales*, 172 F.3d 344, 345-46 (5th Cir. 1999).  Accordingly, the Government was not required to prove that Trejo-Dominguez knew the type or quantity of drugs involved.  *See United States v. Puente-Vasquez*, 34 F. App'x 962, 962 (5th Cir. 2002) (per curiam) (§§ 841(a)(1), 952(a), 960(a)(1)).

The appellant's motion for summary disposition is GRANTED, and the judgment of the district court is AFFIRMED.